**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

GOVERNMENT ACCOUNTABILITY & OVERSIGHT
30 North Gould Street
Suite 12848
Sheridan, WY 82801

Plaintiff,

v.

U.S. ENVIRONMENTAL PROTECTION AGENCY
1200 Pennsylvania Avenue NW
Mail Code 2310A
Washington, DC 20460

Defendant.

Civil Action No. 26-cv-3985

**COMPLAINT UNDER THE FREEDOM OF INFORMATION ACT**

Plaintiff GOVERNMENT ACCOUNTABILITY & OVERSIGHT ("GAO") for its complaint against Defendant U.S. ENVIRONMENTAL PROTECTION AGENCY ("USEPA"), alleges as follows:

1. This is an action under the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552, *et seq.*, for declaratory and injunctive relief seeking immediate processing and release of agency records responsive to three FOIA requests submitted by plaintiff.

2. USEPA's failure to comply with FOIA includes but is not limited to the agency's failure to fulfill its obligation to make a "determination" as that term is defined in *Citizens for Responsibility and Ethics in Washington v. Federal Election Commission*, 711 F.3d 180, 188 (D.C. Cir. 2013). It also includes the agency's failure to respond to plaintiff's requests and its constructive or actual withholding of responsive information and/or documents in violation of its obligations.

3. Accordingly, plaintiff files this lawsuit to compel USEPA to comply with the law and produce the properly described public records sought in these FOIA requests.

## PARTIES

4. Plaintiff Government Accountability & Oversight ("GAO") is a nonprofit research, public policy and public interest litigation center organized under the laws of Wyoming. GAO is dedicated to education regarding responsible regulation and transparency in government, a key part of which is seeking public records illuminating how policymakers use public resources, and with whom.

5. Defendant U.S. Environmental Protection Agency is a federal agency headquartered in Washington, DC.

## JURISDICTION AND VENUE

6. This Court has jurisdiction pursuant to 5 U.S.C. § 552(a)(4)(B) and 28 U.S.C. § 1331.

7. Venue is proper in this Court under 5 U.S.C. § 552(a)(4)(B) and 28 U.S.C. § 1391(e).

8. Plaintiff is not required to further pursue administrative remedies before seeking relief in this Court because defendant has failed to make timely "determinations" as that term is defined in *CREW*, 711 F.3d at 188.

## PLAINTIFF'S FOIA REQUESTS

9. On June 29, 2026, plaintiff submitted by internet portal a request to defendant seeking copies of certain described correspondence from January 20 through June 30, 2021. The request covered four officials: Michael Regan, William Niebling, Joe Goffman, and John Millett. It sought correspondence containing combinations of

keywords pertaining to discussion of reducing greenhouse gas or GHG emissions using statutory authority to regulate particulate matter. Requester excluded certain categories of mass-distribution emails.

10. USEPA acknowledged the plaintiff's request on June 30, 2026, and assigned it tracking number 2026-EPA-06043.

11. On July 10, 2026, defendant sent a "form" letter, as indicated by the other correspondence described below. The letter stated, in pertinent part but without further relevant detail, "Your FOIA request was re-assigned for processing today."

12. On July 28, 2026, defendant delayed its projected response date to September 10, 2026.

13. On September 2, 2026, defendant again described the request as complex and delayed its projected response date to October 30, 2026.

14. On October 26, 2026, Defendant delayed its projected response date to January 29, 2027.

15. None of this correspondence provided the number of potentially responsive records the Agency was processing or other elements required of a "determination" by *Citizens for Responsibility and Ethics in Washington v. Federal Election Commission*, 711 F.3d 180, 188 (D.C. Cir. 2013).

16. On June 30, 2026, plaintiff submitted by internet portal a request to defendant seeking copies of certain described correspondence from January 20 through June 30, 2021. The request covered five officials: Janet McCabe, Tomás Carbonell, Peter Tsirigotis, Erika Sasser, and Scott Mathias. It sought correspondence containing combinations of keywords pertaining to discussion of reducing greenhouse gas or GHG

emissions using statutory authority to regulate particulate matter. Requester excluded certain categories of mass-distribution emails.

17. USEPA acknowledged the plaintiff's request on July 5, 2026, and assigned it tracking number 2026-EPA-06065.

18. On July 10, 2026, Defendant sent another "form" letter stating, in pertinent part but without further relevant detail, "Your FOIA request was re-assigned for processing today."

19. On July 28, 2026, Defendant delayed its projected response date to September 16, 2026.

20. On September 15, 2026, defendant again described the request as complex and delayed its projected response date to October 29, 2026.

21. None of this correspondence provided the number of potentially responsive records the Agency was processing or other elements required of a "determination" by *Citizens for Responsibility and Ethics in Washington v. Federal Election Commission*, 711 F.3d 180, 188 (D.C. Cir. 2013).

22. The information sought in these two requests pertains to the agency's declared priority of seeking "expedited retirement" of certain electricity-generating facilities by deploying a "suite of rules" from what agency officials perceive to be their Clean Air Act "toolbox." Specifically, these requests concern the pretextual use of particulate matter regulatory authority to regulate greenhouse gas (GHG) emissions. This is plainly public information subject to release under FOIA, and of great public interest.

23. On June 29, 2026, plaintiff submitted by internet portal a request to defendant seeking copies of certain described correspondence from January 20 through June 30, 2021. The request covered eight officials: Janet McCabe, Tomás Carbonell, Peter

Tsirigotis, Erika Sasser, Scott Mathias, William Niebling, Joe Goffman, and John Millett. It sought correspondence containing combinations of keywords pertaining to discussion of a discredited computer-modeled emissions scenario, "RCP 8.5," touted for years as a reason to reduce greenhouse gas emissions, citing statutory authority to regulate particulate matter. Requester excluded certain categories of mass-distribution emails.

24. USEPA acknowledged the plaintiff's request on June 29, 2026, and assigned it tracking number 2026-EPA-06057.

25. The information sought in the request also is plainly public information subject to release under FOIA, and of great public interest.

26. On July 10, 2026, defendant sent another "form" letter stating, in pertinent part but without further relevant detail, "Your FOIA request was received and assigned for processing."

27. On July 28, 2026, Defendant delayed its projected response date to September 14, 2026.

28. On September 8, 2026, defendant again described the request as complex and delayed its projected response date to October 30, 2026.

29. On October 26, 2026, defendant delayed its projected response date to January 29, 2027.

30. None of this correspondence provided the number of potentially responsive records the Agency was processing or other elements required of a "determination" by *Citizens for Responsibility and Ethics in Washington v. Federal Election Commission*, 711 F.3d 180, 188 (D.C. Cir. 2013).

31. As of this filing, defendant has provided no substantive response or "determination" with respect to any of these three requests. The Freedom of Information

Act requires that determination, as the D.C. Circuit explained in *CREW v. Federal Election Commission*, 711 F.3d 180, 188.

32. The FOIA provides that a requesting party is entitled to a substantive agency response within twenty working days, including a determination of whether the agency intends to comply with the request. 5 U.S.C. § 552(a)(6)(A)(i). Within that deadline, the agency must also "determine and communicate the scope of the documents it intends to produce and withhold, and the reasons for withholding any documents" and "inform the requester that it can appeal whatever portion of" the agency's "determination" is adverse to the requestor. *CREW v. FEC*, 711 F.3d 180, 188 (D.C. Cir. 2013).

33. USEPA is now past its statutory period for issuing such a determination on the above-described requests without providing any substantive response to plaintiff's requests, in violation of its obligations under FOIA.

**FIRST CLAIM FOR RELIEF**
**VIOLATIONS OF THE FREEDOM OF INFORMATION ACT**

34. Plaintiff restates and incorporates by reference each of the foregoing paragraphs as if fully set forth herein.

35. Plaintiff is statutorily entitled to the records it requested, as more specifically detailed above. Plaintiff seeks both a mandatory injunction which will require defendant to produce the records, and a declaration that defendant's failure to make a determination or produce the records is in violation of FOIA.

36. Plaintiff has sought records under FOIA and been denied the required determination as to how many potentially responsive records exist. The Agency has serially claimed a date when it purportedly expected to complete processing of this number of records the Agency had yet to ascertain.

37. Plaintiff has the statutory right to the information it seeks and the USEPA has unlawfully withheld the information.

38. Plaintiff is not required to further pursue administrative remedies.

39. Plaintiff asks this Court to enter a judgment declaring that:

a. Plaintiff is entitled to the records responsive to its FOIA requests as described above, and responsive attachments within the scope of those requests, but that the USEPA has failed to provide the records;

b. The USEPA's processing of plaintiff's FOIA requests described above is not in accordance with the law, and does not satisfy the Agency's obligations under FOIA;

c. The USEPA must now produce the records responsive to plaintiff's requests.

40. Plaintiff is entitled to injunctive relief compelling the USEPA to produce the records responsive to the FOIA requests described herein.

41. Plaintiff asks the Court to enter an injunction or other appropriate order compelling USEPA to produce the requested records and responsive attachments within the scope of those requests. Production should occur within twenty business days of the date of the order, at no cost to plaintiff.

42. Plaintiff asks the Court to order the parties to consult regarding any withheld documents. The parties should file a status report within thirty days after plaintiff receives the produced documents. That report should address USEPA's preparation of a *Vaughn* log and a briefing schedule for resolving plaintiff's challenges to any withheld information and any other remaining issues.

## SECOND CLAIM FOR RELIEF
## Costs and Fees

43. Plaintiff restates and incorporates by reference each of the foregoing paragraphs as if fully set forth herein.

44. Pursuant to 5 U.S.C. § 552(a)(4)(E), the Court may assess against the United States reasonable attorney fees and other litigation costs reasonably incurred in any case under this section in which the complainant has substantially prevailed.

45. This Court should enter an injunction or other appropriate order requiring the defendant to pay reasonable attorney's fees and other litigation costs reasonably incurred in this case.

## PRAYER FOR RELIEF

Plaintiff respectfully requests this Court:

A. Assume jurisdiction in this matter, and maintain jurisdiction until the defendant complies with FOIA and every order of this Court;

B. Declare defendant has violated FOIA by failing to provide plaintiff with the requested information;

C. Declare that the information sought by the requests, as described in the foregoing paragraphs, is public information under 5 U.S.C. § 552 *et seq.* and must be disclosed;

D. Order defendant to expeditiously provide the requested information to plaintiff within twenty business days of the Court's order and without cost to the plaintiff;

E. Award plaintiff's attorneys their fees and other litigation costs reasonably incurred pursuant to 5 U.S.C. § 552(a)(4)(E); and

F. Grant such other relief as this Court deems just and proper.

Respectfully submitted this 11th day of November 2026,

GOVERNMENT ACCOUNTABILITY & OVERSIGHT
By counsel:

/s/Matthew D. Hardin
Matthew D. Hardin, D.C. Bar No. 1032711
Hardin Law Office
101 Rainbow Drive # 11506
Livingston, TX 77399
Phone: (202) 802-1948
Email: MatthewDHardin@protonmail.com